CHRISTEN, Circuit Judge,
dissenting.
As my colleagues note, the erroneous admission of evidence is not harmless if the violation had a “substantial and injurious effect or influence in determining the jury’s verdict.” Brecht v. Abrahamson, 507 U.S. 619, 623, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). In my view, the state court’s determination that the admission of April Romero’s testimony did not have a substantial and injurious effect on the jury was unreasonable. Romero testified at a preliminary hearing that Guevara came to her and essentially confessed, but Romero was unavailable to testify at trial. Likely because of the weaknesses in the testimony of the remaining witnesses, the prosecutor stressed Romero’s preliminary hearing testimony in his closing argument to the jury.
I respectfully disagree with my colleagues’ conclusion that “the cumulative effect of multiple identifications distinguishes this case from Ocampo.” Ocampo v. Vail teaches that corroborative evidence cannot render the wrongful introduction of other evidence harmless if: “(1) there was a reason for the jury to doubt the only eyewitness testimony; (2) the third party testimony was not exceptionally strong; and (3) the physical evidence connecting the accused to the crime was limited and explained by [the defendant’s theory of the case].” 649 F.3d 1098, 1114 (9th Cir.2011) (quoting Whelchel v. Washington, 232 F.3d 1197, 1208 (9th Cir.2000)). In this case, there was plenty of reason to doubt the remaining eyewitness testimony, which was not “exceptionally strong.”
*620 David Poplin — referring to handwritten notes — testified that Desiree Robles told him she saw Guevara running away from the scene of the shootings. But at trial, Robles denied seeing this, and denied telling Poplin that she did. Norma Munoz testified that a 10-year-old child yelled “It was Abacuc!” immediately after the shootings. But Munoz did not mention hearing this when she was interviewed by police on the day of the murders. In fact, Munoz did not mention this until a week before trial. Thomas Handgis, Jr. testified that he saw Guevara run in front of his car carrying a gun, but he did not see the shooting. Handgis identified Guevara in the courtroom, but his pretrial identification of Guevara was problematic: he did not recognize Guevara at the time of the shootings and Guevara’s photograph was one of two that Handgis picked out from a photographic lineup.
Given this record, Romero’s testimony was so much stronger than that of all the remaining witnesses that the state court was not only wrong, but also unreasonable, in concluding that her testimony did not substantially influence the jury’s verdict. AJEDPA’s “standard is demanding but not insatiable.” Miller-El v. Dretke, 545 U.S. 231, 240, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005). “[Wjhere, as here, a state court doesn’t act reasonably, deference comes to an end.” Doody v. Ryan, 649 F.3d 986, 1028 (9th Cir.2011) (en banc) (Kozinski, C.J., concurring). I therefore respectfully dissent.